**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ESMERALDA CHAPA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 5:19-cv-1002** |
| **v.** | § | |
| | § | |
| **NEWREZ LLC D/B/A SHELLPOINT** | § | |
| **MORTGAGE SERVICING,** | § | |
| | § | |
| **Defendant.** | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(a), Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant") files this notice of the removal of this action from the 288th Judicial District Court, Bexar County, Texas.  Defendant submits this Notice in support of its removal.  Removal is based on diversity jurisdiction.  Defendant respectfully shows as follows:

**INTRODUCTION**

1.      On or about August 2, 2019, Plaintiff filed *Plaintiff's Original Petition* (hereafter "Petition") as Cause No. 2019CI15512 in the 288th Judicial District Court, Bexar County, Texas, styled *Esmeralda Chapa v. Newrez LLC d/b/a Shellpoint Mortgage Servicing* (the "State Court Action").  A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A.  In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of Exhibit B.

2.      The allegations in the Petition relate to foreclosure proceedings on the real property located at 5318 Lake Golden, San Antonio, Texas 78244 (the "Subject Property").  (*See Petition* at 2.)  In the Petition, Plaintiff claims that when she fell behind on her mortgage

payments, she contacted Defendant, the mortgage servicer, to submit documentation to modify her mortgage.  (*See id.*)  Plaintiff further alleges that she was promised that the Subject Property would not go to foreclosure as long as she submitted the requested documents.  (*Id.*)  Despite this alleged promise, Defendant posted the Property for foreclosure on August 6, 2019.  (*Id.* at 3.)  Based upon these allegations, Plaintiff asserts a claim for common law fraud and seeks an injunction prohibiting Defendant from proceeding with foreclosure, actual damages, prejudgment and post judgment interest, and court costs.  (*See id.* at 3, Prayer.)

3.      This Notice of Removal is timely because thirty (30) days have not expired since the case was initially filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4.      This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.      There is complete diversity among all properly joined parties.**

5.      There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000.00 is in controversy, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

6.      Plaintiff is a citizen of Texas.  (*See Petition* at 1.)

7.      NewRez LLC d/b/a Shellpoint Mortgage Servicing is a limited liability company and its citizenship is determined by its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  The sole member of NewRez LLC d/b/a Shellpoint is Shellpoint Partners LLC. The members of Shellpoint Partners LLC are NRM Acquisition, LLC and NRM Acquisition II, LLC. The sole member of both NRM Acquisition, LLC and NRM Acquisition II,

LLC is New Residential Mortgage, LLC. New Residential Mortgage, LLC's sole member is New Residential Investment Corp., a Delaware Corporation with its principal place of business in New York. Therefore, Shellpoint is a citizen of Delaware and New York for diversity purposes.

8.      Because defendant does not share a state citizenship with Plaintiff, there is complete diversity of citizenship.

**B.      The amount in controversy exceeds $75,000.00.**

      1.      <u>**Plaintiff's request for injunctive relief alone exceeds $75,000.00.**</u>

9.      The amount in controversy exceeds the sum or value of $75,000.00.  In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow.  *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996).  Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."  *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

10.      Plaintiff seeks an injunction prohibiting a foreclosure sale on the Property.  (*See Petition* at Prayer).  As a result, Plaintiff has put an amount in controversy equal to the value of the Property. The Bexar County Central Appraisal District's most recent valuation of the Property

shows a total assessed value of the Property at $167,080.00.  (Exhibits C, C-1.)  For this reason alone, the amount in controversy exceeds $75,000.00.

**2.      Plaintiff's request for damages exceeds $75,000.00.**

11.      Additionally, Plaintiff seeks actual damages in an unspecified amount, and for other relief.  (*See Petition* at Prayer).  When a plaintiff does not allege in her state court petition a specific amount of damages, to establish the amount-in-controversy requirement for diversity jurisdiction, the removing defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.*  If the defendant's allegation of the amount in controversy is then contested by the plaintiff, removal is proper "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553–54.

12.      Here, Plaintiff seeks an unspecified amount of damages for Defendant's alleged actions.  (*See Petition* at Prayer).  In a case involving similar wrongful foreclosure claims tried to verdict, the total jury award exceeded $75,000.00.  *See Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (212th Judicial District Court of Galveston County, Texas).  As a result, based upon the allegations in Plaintiff's Petition, if meritorious, Plaintiff's recovery would exceed $75,000.00.

**VENUE**

13.      Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 288th Judicial District Court, Bexar County, Texas,

the forum in which the removed action was pending.

## NOTICE

14.      Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 288th Judicial District Court, Bexar County, Texas.

15.      The contents of Exhibit B constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:   */s/ Philip W. Danaher*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **PHILIP W. DANAHER**
    Texas Bar No. 24078395
    pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## List of all Counsel of Record

Plaintiff:

Ramon S. Rodriguez, Jr.
Texas Bar No. 17148360
Rodriguez & Garza, P.L.L.C.
247 W. Olmos Dr., Suite 200
San Antonio, Texas 78212
210-281-0248
210-549-2556 (Fax)

For Defendant:

Mark D. Cronenwett
Texas Bar No. 00787303
Philip W. Danaher
Texas Bar No. 24078395
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A        Copy of the Docket Sheet for Cause No. 2019CI15512 in the 288th Judicial District Court, Bexar County, Texas;

Exhibit B        Pleadings in Cause No. 2019CI15512 in the 288th Judicial District Court, Bexar County, Texas;

     B-1        Plaintiffs' Original Petition, filed on August 2, 2019.

     B-2        Request for Process, filed on August 2, 2019.

     B-3        Cash Deposit in Lieu of Temporary Restraining Order Bond, Paid August 5, 2019.

     B-4        Temporary Restraining Order and Order Setting Hearing for Temporary Orders, Issued August 5, 2019.

Exhibit C        Declaration of Philip W. Danaher; and

     C-1        Data Sheet from the Bexar County, Texas Central Appraisal District web-site on August 14, 2019.

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was served via regular U.S. Mail on August 16, 2019, upon the following:

Ramon S. Rodriguez, Jr.
Rodriguez & Garza, P.L.L.C.
247 W. Olmos Dr., Suite 200
San Antonio, Texas 78212
210-281-0248
210-549-2556 (Fax)
rsrjr04@hotmail.com

*/s/ Philip W. Danaher*
**PHILIP W. DANAHER**