IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ESMERALDA CHAPA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. SA-19-CA-1002-FB |
| ) | |
| NEWREZ LLC D/B/A SHELLPOINT ) | |
| MORTGAGE SERVICING, ) | |
| ) | |
| Defendant. ) | |

## AMENDED FINAL JUDGMENT

**CAME ON TO BE CONSIDERED** this day, the above-numbered and styled cause wherein Plaintiff Esmeralda Chapa ("Chapa" or "Plaintiff") and Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant" and together with Plaintiff, the "Parties") have announced to the Court that they desire to resolve all matters in controversy between them pursuant to the agreement of the Parties, as expressed in this *Amended Final Judgment*.

It is therefore **ORDERED, ADJUDGED, AND DECREED** that Defendant's *Motion to Amend Agreed Judgment* (docket no. 15) is **GRANTED**.

It is further **ORDERED, ADJUDGED AND DECREED** that on on or about June 29, 2007 Chapa executed that certain Adjustable Rate Note ("Note") originally payable to Lehman Brothers Bank, FSB, a Federal Savings Bank. Concurrently with the Note, Chapa executed that certain Deed of Trust ("Deed of Trust" and together with the Note the "Mortgage Loan") of even date and recorded in the Public Records of Bexar County, Texas as document number 20070154774 which created a lien interest in the property commonly known as 5318 Lake Golden, San Antonio, Texas 78244 and more particularly described as:

LOT 12, BLOCK 6, WOODLAKE PARK, UNIT 2, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 9507, PAGE(S) 60-61, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS (the "Property").

It is further **ORDERED, ADJUDGED AND DECREED** that Shellpoint is the mortgage servicer of the Mortgage Loan.

It is further **ORDERED, ADJUDGED AND DECREED** that Chapa shall have until November 5, 2019 to sell the Property and payoff the outstanding balance on the Mortgage Loan.

It is further **ORDERED, ADJUDGED AND DECREED** that in the event that the Property is not sold by November 5, 2019 and the Mortgage Loan is not paid in full, Shellpoint may post the Property for foreclosure immediately and Chapa agrees: (1) not to contest foreclosure; (2) to vacate the Property immediately upon foreclosure; and (3) that any purchaser of the Property at a foreclosure shall have immediate possession of the Property.

It is further **ORDERED, ADJUDGED AND DECREED** that in the event that the Property does not sell to a third-party at the foreclosure sale, Chapa shall pay to Shellpoint $10.00 per day that she does not vacate the Property. Such amount is a penalty for Chapa maintaining possession of the Property and shall not create a landlord tenant relationship between Chapa and Shellpoint.

It is further **ORDERED, ADJUDGED AND DECREED** that Chapa's claims asserted in this case are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED, ADJUDGED, AND DECREED** that this is a final, appealable amended judgment, and costs are taxed against the party incurring the same, any relief not specifically granted in this *Amended Final Judgment* is **DENIED**.

It is finally **ORDERED, ADJUDGED, AND DECREED** that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 13th day of November, 2019.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE